JOSEPH H. HARRINGTON
Acting United States Attorney
Eastern District of Washington
Ian L. Garriques
Assistant U.S. Attorney
402 E. Yakima Ave., Ste. 210
Yakima, WA 98901-2760
Telephone: (509) 454-4425



FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SEP 1 3 2017

SEAN F. McAVOY, CLERK
_____DEPUTY
YAKIMA, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 1:17-CR-2020-SMJ |
| Plaintiff, | |
| v. | Plea Agreement |
| SUNDRON LARSELL MILLER<br>aka Sundron Larsell Switzler Miller, | |
| Defendant. | |

Plaintiff United States of America, by and through Joseph H. Harrington, Acting United States Attorney, and Ian L. Garriques, Assistant United States Attorney, for the Eastern District of Washington, and Defendant Sundron Larsell Miller (hereinafter "Defendant"), and the Defendant's counsel, Michael W. Lynch, agree to the following Plea Agreement:

1. <u>Guilty Plea and Maximum Statutory Penalties</u>:

The Defendant agrees to plead guilty the Indictment filed on May 9, 2017, charging the Defendant with Felon in Possession of Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1). Pursuant to Local Criminal Rule 11, the Defendant agrees that a United States Magistrate Judge may hear his felony guilty plea, rather than having his plea heard by a United States District Judge.

The Defendant understands that the maximum statutory penalty for Felon in Possession of Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1), is 10

Plea Agreement - 1

years; a fine of $250,000; or both; a term of supervised release of not more than 3 years; and a $100 special penalty assessment.

The Defendant understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

2. <u>The Court is Not a Party to the Agreement:</u>

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. The Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by the Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement.

The Defendant acknowledges that no promises of any type have been made to the Defendant with respect to the sentence the Court will impose in this matter. The Defendant understands that the Court is required to consider the applicable sentencing guideline range, but may depart upward or downward under the appropriate circumstances.

The Defendant also understands that should the sentencing judge decide not to accept any of the parties' recommendations, that decision is not a basis for withdrawing from this Plea Agreement or a basis for withdrawing this plea of guilty.

3. <u>Waiver of Constitutional Rights:</u>

The Defendant understands that by entering this plea of guilty the Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

    a. The right to a jury trial;
    b. The right to see, hear and question the witnesses;
    c. The right to remain silent at trial;
    d. The right to testify at trial; and

Plea Agreement - 2

      e. The right to compel witnesses to testify.

While the Defendant is waiving certain constitutional rights, the Defendant understands the Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if the Defendant cannot afford to hire an attorney.

4. <u>Elements of the Offense:</u>

The United States and the Defendant agree that in order to convict the Defendant of Felon in Possession of Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1), as charged in the Indictment, the United States must prove beyond a reasonable doubt the following elements:

    First, the Defendant knowingly possessed a firearm and ammunition;

    Second, the firearm and ammunition had been shipped from one state to another or between a foreign nation and the United States; and

    Third, at the time the Defendant possessed the firearm and ammunition, Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.

9th Cir. Crim. Jury Instr. 8.65 (2010, modified).

5. <u>Factual Basis and Statement of Facts:</u>

The United States and the Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for the Defendant's guilty plea:

On April 12, 2017, at about 2250 hours, Yakima Nation Police Department (YNPD) Officer Pena observed a red Acura sedan, with Washington license AYR7826, at a residence in White Swan, Washington. Officer Pena advised YNPD Officer Enriquez of the vehicle at the residence. Officer Enriquez knew the residence to be gang related and knew the registrant for the Acura. He also knew the vehicle was being used by the registrant and her boyfriend, Defendant Sundron Larsell Miller ("Miller"). Officer Enriquez was also aware that persons associated with the vehicle were involved in the

Plea Agreement - 3

East Side Piru gang. Officer Enriquez recalled that Miller had an active warrant for his arrest for DUI from Yakima County. Officer Enriquez confirmed with dispatch that the license plate tabs of the Acura were expired.

At about 2309 hours, Officer Enriquez observed the vehicle pull out of the residence and conducted a traffic stop. The Acura pulled into another driveway in White Swan. The passenger, James Lee Lomakema ("Lomakema"), ran from the vehicle to the backyard towards a large wooded area. Officers Pena and Enriquez gave chase on foot. Officers Pena and Enriquez observed Lomakema attempting to jump a chain link fence. Lomakema fell face first over the fence and tried to pick something up from the ground. Lomakema continued to run northbound and Officers Pena and Enriquez failed to locate him.

Prior to the foot chase, Officer Enriquez identified the vehicle's driver as Defendant Miller. YNPD Officer Ives had also arrived on scene and remained with Miller during the foot chase. Officer Ives reported that Miller had identified the passenger as his cousin, Lomakema. Miller was placed under arrest for his warrant and driving with a suspended license. Miller was advised of his constitutional rights which he acknowledged.

Officer Enriquez returned to the vehicle and observed, through the open passenger door, a pistol magazine on the front driver's seat and multiple bullets of different calibers scattered throughout the vehicle. Officer Enriquez confirmed with dispatch that Miller and Lomakema were convicted felons.

Officer Enriquez obtained a telephonic search warrant and found a variety of different types and calibers of ammunition throughout the vehicle. Officer Enriquez located a glass pipe commonly used to smoke methamphetamine and stopped the search

///

///

///

//

Plea Agreement - 4

in order to amend the search warrant. Officer Enriquez subsequently located a black 9mm magazine and a 7.92x57 caliber round on the driver's seat where Miller had been located. Officers located a 9mm extended magazine underneath the seat and several .357 caliber rounds and 7.62x39 caliber rounds in the door panel.

Officer Enriquez then located a Smith & Wesson, Model 19-3, .357 caliber revolver, bearing serial number 2K1871, a Hawes Firearms Co., Model Western Marshal, .357 caliber revolver, bearing serial number 3/13031, a Colt, Model Police Positive, .38 caliber revolver, bearing serial number 1646, and a Ruger, Model Mini Thirty, 7.62x39 caliber rifle, bearing serial number 185-79714, in the trunk of the vehicle.

Officer Pena searched Miller and located a round of Hornady 9 millimeter caliber ammunition in his clothing pocket as well as a plastic bag with a black/brown tar substance suspected to be heroin. Miller informed Officer Pena that the substance was "black," which is a street name for heroin. One round of Wolf 7.62x39 caliber ammunition was also found on the floorboard of the YNPD vehicle where Miller had been sitting. Miller was subsequently arrested on his Yakima County warrant and transported to the Yakima Nation jail.

In post-*Miranda* statements to federal officers, Miller and Lomakema both later acknowledged handling the preceding firearms. ATF confirmed that both Miller and Lomakema have prior felony convictions. ATF also confirmed that the five firearms listed above, as well as, the round of Hornady 9mm caliber ammunition and the round of Wolf 7.62x39 caliber ammunition travelled in and affected interstate commerce.

This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

6. The United States Agrees:

    a. Not to File Additional Charges:

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against the Defendant based upon information in its

Plea Agreement - 5

possession at the time of this Plea Agreement and arising out of Defendant's conduct involving illegal activity charged in the Indictment, unless the Defendant breaches this Plea Agreement any time before or after sentencing.

7. United States Sentencing Guideline Calculations:

The Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "U.S.S.G.") are advisory to this case and that the Court will determine the Defendant's applicable sentencing guideline range at the time of sentencing.

a. Base Offense Level:

The United States and the Defendant agree that pursuant to U.S.S.G. § 2K2.1(a)(4)(B), the Base Offense Level is twenty (20), because Defendant is a prohibited person and the offense involved a semiautomatic firearm capable of accepting a large capacity magazine.

b. Specific Offense Characteristics:

The United States and the Defendant also agree and stipulate that the base offense level is increased by two (2) levels pursuant to U.S.S.G. § 2K2.1(b)(1)(A), because the offense involved three (3) to seven (7) firearms.

The United States and the Defendant also agree and stipulate that the base offense level is increased by another two (2) levels pursuant to U.S.S.G. § 2K2.1(b)(4)(A), because the offense involved a stolen firearm.

8. Acceptance of Responsibility:

If the Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; accepts this Plea Agreement; and enters a plea of guilty pursuant to this Plea Agreement, the United States will recommend that the Defendant receive a two (2) level reduction for acceptance of responsibility, and if the Defendant's adjusted offense level is sixteen (16), or greater, the United States will move for a one (1)-level reduction for

Plea Agreement - 6

timeliness. See U.S.S.G. §§ 3E1.1(a) and (b).

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, not recommend a three (3) level downward reduction for acceptance of responsibility if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

9. Criminal History:

The United States and the Defendant understand that the Defendant's criminal history computation ultimately will be determined by the Court after review of the Presentence Investigation Report. The United States and the Defendant have made no agreement and make no representations as to the criminal history category, which shall be determined after the Presentence Investigation Report is completed.

10. Departures and/or Variances:

The United States and the Defendant agree that they will not seek either an upward or downward departure and/or variance from the applicable Guidelines sentencing range.

11. Incarceration:

The United States and the Defendant agree and stipulate to recommend that the Court impose a sentence of imprisonment at the low-end of the applicable Guidelines sentencing range.

12. Criminal Fine:

The United States and the Defendant are free to make whatever recommendation concerning the imposition of a criminal fine that they believe is appropriate.

13. Supervised Release:

The United States and the Defendant agree to recommend that the Court impose a term of supervised release of three (3) years. ~~and to recommend that the Court impose the statutorily mandated, standard, and suggested special conditions of supervised release recommended by the U.S. Probation Office and as set forth in the Presentence~~

///

Plea Agreement - 7

~~Investigation Report.~~

14. Mandatory Special Penalty Assessment:

The Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

15. Payments While Incarcerated:

If the Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, the Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

16. Additional Violations of Law Can Void Plea Agreement:

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

17. Hyde Amendment Waiver:

The Defendant waives any claim under the Hyde Amendment, 18 U.S.C. § 3006A (Statutory Note), for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

18. Administrative Forfeiture:

The Defendant, SUNDRON LARSELL MILLER aka Sundron Larsell Switzler Miller, agrees to voluntarily forfeit any and all right, title, and interest that he has in any and all firearms and ammunition held in the custody of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), in favor of ATF. The assets to be administratively

///

Plea Agreement - 8

forfeited include, but are not limited to:

FIREARMS/AMMUNITION

-GLOCK GMBH 17 GEN4 Pistol CAL: 9 SN: YRM325;
-COLT POLICE POSITIVE Revolver CAL: 38 SN: 1646;
-SAUER & SOHN SONS WESTERN MARSHAL Revolver CAL: 357 SN: 3/13031;
-SMITH & WESSON Unknown type Revolver CAL: 357 SN: 2K1871;
-RUGER MINI 30 Rifle CAL: 762 SN: 185-79714;
-23 Rounds Assorted Ammunition CAL: 22;
-15 Rounds Assorted Ammunition CAL: 9;
-8 Rounds Assorted Ammunition CAL: 38;
-3 Rounds Assorted Ammunition CAL: 40;
-15 Rounds Assorted Ammunition CAL: 357;
-12 Rounds Assorted Ammunition CAL: 762;
-1 Rounds REMINGTON Ammunition CAL: 308;
-3 Rounds Assorted Ammunition CAL: 12;
-3 Rounds Assorted Ammunition CAL: 792;
-38 Rounds PMC Ammunition CAL: 9;
-1 Rounds WOLF Ammunition CAL: 762;
-1 Rounds HORNADY Ammunition CAL: 9;
-1 Rounds Assorted Ammunition CAL: 20; and,
-6 Rounds PMC Ammunition CAL: 357.

The Defendant agrees not to contest the forfeiture of the assets in any administrative forfeiture proceedings initiated against said assets by ATF, and hereby agrees to execute any and all forms, documents, and pleadings necessary to effectuate the administrative forfeiture of any assets seized by ATF in this matter. Defendant consents to the forfeiture, destruction, and/or return of assets to lawful owners, without further notice. Defendant denies knowing possession of the Glock.

Defendant agrees to hold all law enforcement agents and the United States, its agents, and its employees harmless from any claims whatsoever arising in connection with the seizure, forfeiture, destruction or return to lawful owner, of

///

///

Plea Agreement - 9

any asset(s) covered by this agreement.

19. <u>Appeal Rights:</u>

The Defendant expressly waives his right to appeal his conviction, sentence, forfeiture, and supervised release imposed by the Court. Furthermore, the Defendant expressly waives his right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.

The Defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging the conviction or sentence in this case, except for ineffective assistance of counsel as noted above. If the Defendant files a notice of appeal, a habeas petition, or other collateral attack, notwithstanding this agreement, the Defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether Defendant is in breach of this agreement and, if so, to permit the government to withdraw from the Plea Agreement.

20. <u>Waiver of Inadmissibility of Statements:</u>

The Defendant agrees to waive the inadmissibility of statements made in the course of plea discussions with the United States, pursuant to Fed. R. Crim. P. 11(f). This waiver shall apply if the Defendant withdraws this guilty plea or breaches this Plea Agreement. The Defendant acknowledges that any statements made by the Defendant to law enforcement agents in the course of plea discussions in this case would be admissible against the Defendant in the United States' case-in-chief if the Defendant were to withdraw or breach this Plea Agreement.

21. <u>Integration Clause:</u>

The United States and the Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and the Defendant, and no other

promises, agreements, or conditions exist between the United States and the Defendant concerning the resolution of the case. This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities. The United States and the Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and the Defendant.

## Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

JOSEPH H. HARRINGTON
Acting United States Attorney

_____     9/13/17
IAN L. GARRIQUES              Date
Assistant United States Attorney

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement, and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

_____     8-31-17
SUNDRON LARSELL MILLER        Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set

Plea Agreement - 11

forth in the Plea Agreement. There is no legal reason why the Court should not accept the Defendant's plea of guilty.

_____    8/31/17
MICHAEL W. LYNCH              Date
Attorney for the Defendant